Ronald Bernal
Tina Juan
Estate of Decedent Theresa Medina Thomas
P.O. Box 156
Topawa, Arizona 85639
520.365.6030 (direct)
Email: tinjuan40@gmail.com
In Pro Per Plaintiffs

FILED ___ LODGED
___ RECEIVED ___ COPY

APR 09 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# UNITED STATES DISTRCT COURT FOR THE DISTRICT, ARIZONA

| | |
|---|---|
| Ronald Bernal, an individual; Tina Juan, an individual; Tina Juan, Representative of and Estate of Decedent Theresa Medina Thomas,<br><br>Plaintiffs,<br><br>vs<br><br>Richard Mortenson, in his individual capacity; Marcus Camacho, in his individual capacity; Chad Lakosky, in his individual capacity; Bryan Altieri, in his individual capacity; John Does 1-10; Jane Does 11-15; and Does 16-20, unknown entities,<br><br>Defendants. | No: _____<br><br>**COMPLAINT FOR:**<br><br>1. Violation of 42 USC 1983 (Illegal Use of Excessive Force)<br><br>2. Violation of 42 USC 1983 (Illegal Use of Excessive Force)<br><br>3. Loss of Consortium and Damages<br><br>Jury Trial Demanded<br>(Fed R. Civ. Proc 38 and 39 |

Ronald Bernal, Tina Juan and Tina Juan, Representative of and the Estate of Theresa Medina Thomas collectively as (herein "Plaintiffs") alleges, each allegation on information and belief, as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs bring this action under the Fourth and Fourteenth Amendments of the U.S. Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983, to redress the

violations and deprivations by the Defendants acting in their individual capacity and under color of authority of federal law. This Court has jurisdiction pursuant to 28 U.S.C § 1331, which gives district Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1343(a), which gives district court's jurisdiction overactions to secure civil rights extended by the United States government and the Constitution of the United States. Allegations are also pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), since not all officers involved have been identified or misidentified in the various police/Agents reports and their capacities.

2.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b). The Defendants are located in Arizona, and all claims, events, actions, transactions and conduct or omissions of the Defendants took place in and occurred in Arizona in this district.

## **PLAINTIFFS**

3.  Ronald Bernal (herein "Father Bernal") is an individual who is the parent of Theresa Medina Thomas (age 17) who was intentionally killed in ambush style with high-powered combat style pistols and rifles by the Defendants individually and collectively as setforth herein. He has suffered a loss of consortium, emotional pain and suffering as a result of the manner his Daughter was killed by the Defendants as alleged herein.

4.  Tina Juan, (herein "Mother Tina") is an individual who is the parent of Theresa Medina Thomas (age 17) who was intentionally killed in ambush style with high-powered combat style pistols and rifles by the Defendants individually and

collectively as setforth herein. He has suffered a loss of consortium, emotional pain and suffering as a result of the manner her Daughter was killed by the Defendants as alleged herein.

5. Estate of Decedent Theresa Medina Thomas (herein "Estate") is the estate decedent Theresa Medina Thomas, a minor (age 17), (herein "Child Theresa") who was intentionally killed in ambush style with high-powered combat style pistols and rifles by the Defendants individually and collectively as setforth herein. Tina Juan is the representative of the Estate.

## DEFENDANTS

6. Richard Mortenson (herein "Defendant Mortenson") is sued in his individual capacity; and acting under color of authority as a federal agent and employee with an unknown agency. On information and belief, he is and was an employee with and on behalf an unknown task force and jointly as a de facto agent and federal employee pursuant to 28 CFR 50.15. Defendant Mortenson, in his individual capacity initiated the violent ambush style attack on Child Theresa first, by violently ramming his truck into the vehicle she was driving and then open firing his Sig Sauer 40 caliber combat weapon using his truck and pistol with unnecessary excessive and deadly force. He intentionally shot the Child Theresa, at point blank range in the head three (3) times and four (4) times in the neck and shoulder killing her, as alleged herein. Plaintiff leaves here to amend his title, capacity and authority according to proof.

7. Marcus Camacho (herein "Defendant Camacho") is sued in his individual capacity; and acting under color of authority as a federal agent and employee with an unknown agency. On information and belief, he is and was an employee with and on behalf unknown task force and jointly as a de facto agent and federal employee pursuant

to 28 CFR 50.15. Defendant Camacho, in his individual capacity initiated the violent ambush style attack on Child Theresa first, by violently ramming his truck into the vehicle she was driving and then open firing his combat weapon using his truck and weapon with unnecessary excessive and deadly force. He intentionally shot at the Child Theresa at point blank range and may have struck her in the head, neck and shoulder killing her, as alleged herein. Plaintiff leaves here to amend his title, capacity and authority according to proof.

8. Chad Lakosky (herein "Defendant Lakosky") is sued in his individual capacity; and acting under color of authority as a federal agent and employee with an unknown agency. On information and belief, he is and was an employee with and on behalf unknown task force and jointly as a de facto agent and federal employee pursuant to 28 CFR 50.15. Defendant Lakosky, in his individual capacity initiated the violent ambush style attack on Child Theresa first by violently ramming his truck into the vehicle she was driving and then open firing his combat weapon using his truck and weapon with unnecessary excessive and deadly force. He intentionally shot at the Child Theresa at point blank range and may have struck her in the head, neck and shoulder killing her, as alleged herein. Plaintiff leaves here to amend his title, capacity and authority according to proof.

9. Bryan Altieri (herein "Defendant Altieri") is sued in his individual capacity; and acting under color of authority as a federal agent and employee with an unknown agency. On information and belief, he is and was an employee with and on behalf unknown task force and jointly as a de facto agent and federal employee pursuant to

28 CFR 50.15. Defendant Altieri, in his individual capacity initiated the violent ambush style attack on Child Theresa first by violently ramming his truck into the vehicle she was driving and then open firing his combat weapon using his truck and weapon with unnecessary excessive and deadly force. He intentionally shot at the Child Theresa at point blank range and may have struck her in the head, neck and shoulder killing her, as alleged herein. Plaintiff leaves here to amend his title, capacity and authority according to proof.

10. Plaintiffs are ignorant of the true names, titles, capacities, identifiers, entities, and legal authority in which the Defendants acted under and with at the time they engaged in and caused the acts, conduct, events and results they are now sued including, Defendants JOHN DOES 1 – 10, JANE DOES 11 – 15, and DOES 16 – 20, entities, whether individual, government, corporate, dual capacity, joint, partners, shareholders, associate, de facto related, or otherwise are unknown to Plaintiffs. Plaintiff sue said DOES by such fictious names. Plaintiff is informed and believes and thereon alleges that said fictiously named Defendants are in some manner individually, severally, and jointly responsible/liable for the events, activities, injuries, and damages alleged herein. Plaintiff leaves here to amend the true names, capacities, titles and personal information of Defendants for identification for public and investigative resources when ascertained. Defendants are on notice the information obtained will not be filed under seal due to their violations of law as setforth herein and is of public importance and relevance for accountability.

11. Plaintiffs alleges on information and belief, that at all times relevant herein, each Defendant was acting for his or her individual and martial community benefit, account, purpose, agent, servant, employee, trustee, trustor, independent contractor, partner, team, representative, de facto family partners, de facto joint venture, fiduciary, co-venturer, officer, organization, private corporation, member, person of authority, stockholder, principal, director, entity, principal, or co-conspirator of each Defendant. Defendants were acting within the course, scope, and purpose of such authority, service, agency, fiduciary capacity, special trust partnership, employment, family relationship, intimate relationship, government, jural, business relationship or conspiracy with the motive of and actually receiving payment of money, monetary gain, protection, or other benefit with taxpayer money or/and other revenue generated funding, according to proof at trial. Plaintiffs leave here to amend the true names, capacity, relationship, associations, operations, system connections, and methods of personal gain and benefit from said DOES when ascertained.

12. Plaintiffs allege on information and belief, that each and all Defendants induced, collaborated, tacitly or otherwise agreed, conspired, jointly acted, ratified, aided and abetted, or otherwise participated directly or indirectly in the wrongful acts, conduct, and events alleged herein. Defendants are individually, severally, jointly, and collectively responsible and liable in some manner in part and whole, for the said acts, conduct, activities, operations, events and results, that directly or proximately caused the injuries, damages and killing of Child Theresa and the lifetime of pain, suffering and loss of consortium to Plaintiff parents, as alleged herein.

13. Plaintiffs use of the word "Defendant", includes all JOHN, JANE and DOES Individually and are collectively referred to as ("Defendant"), each and every reference to Defendant or, any of them is an intended reference to all of them, unless specifically denoted otherwise.

14. Plaintiff alleges on information and belief, that Defendant acted under the actual or de facto supervision, management, direction and control but, outside of and in violation of the United States Constitutional law, federal statutes, Code of Federal Regulations, Oaths, course and /or scope of employment, authority, legal authority, color of authority, normal protocol, procedure, and against public policy for the obligation to act and conduct their actions with ethics, decency and the preservation of human life as Defendants are held to a higher standard of care, as alleged herein.

15. Each Defendant is sued individually and acting under color of authority in his official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law and/or federal law including 28 CFR 50.15 causing violations of Plaintiff Flores civil rights, injuries and damages as setforth herein. Defendants' individual and joint acts and conduct was done with a deliberate indifference and a gross and reckless disregard of Plaintiffs and their Child Theresa's rights resulting in violations of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 USC 1983.

16. The Defendant entities is and are jointly liable for the acts, conduct and omissions of its employees, agents, and independent contractors because of their nondelegable

duties and the doctrine of vicarious liability and/or respondent superior, on information and belief, according to proof.

## FACTUAL BACKGROUND

17. Plaintiff incorporates paragraphs 1- 15 as alleged herein.

18. On or about April 11, 2019, Defendants Mortensen, Camacho, Lakosky, Altieri, and DOES had been tracking a male known as Warren Jose, who was suspected to be involved in an immigrant smuggling operating out of the Tohono O'odham Indian Tribe reservation in Sells, Arizona, along the Mexico and Arizona border. Suspect Jose was considered to be a violent offender due to his prior criminal record.

19. Said Defendants were driving F150 Ford or like Trucks following Suspect Jose's vehicle for a length of time. While driving Jose became tried and called a female friend who was at a party and asked her if she wanted to party with him. Plaintiff Child Theresa was at the party with Suspect Jose's female friend and invited her to go with her to another party. Jose arrived and both females entered his vehicle and Jose drove off.

20. Shortly, after Plaintiff Theresa and her girlfriend enter Suspect Jose's vehicle he told them he was to tired to drive and asked one of them to drive his vehicle. Child Theresa who was licensed to drive offered to drive Jose's vehicle. Jose instructed her where to go and she unwittingly just followed his instructions. Suspect Jose also induced the minor Child to engage in drinking some alcohol and ingest an unknown drug, on information and belief.

21. While driving following Suspect Jose's directions he fell asleep. While driving his

vehicle Child Theresa began to feel uneasy and scared that they were being followed by a male in a F150 Ford truck. She pulled off the road to a gas station and woke up Suspect Jose and told him her observation of the truck following them. Jose told her not to worry about and told her to follow his directions. He then went back to sleep.

22. Child Theresa pulled back onto the road and continued driving Suspect Jose's as he Vehicle instructed her to do. While she was driving she became lost and turned down 48th Street heading north in the Ahwatukee Foothills neighborhood area.

23. Suddenly, three large F150 Ford trucks converged upon the Suspect Jose's vehicle Violently crashing and ramming into it at angles. Child Theresa was terrified and stopped the vehicle she was driving and without any provocation from her or any other passenger in Jose's vehicle all of the unknown males in the three F150 vehicles violently opened fired with various types and high-caliber of deadly weapons pistols and rifles typically used by soldiers in combat shooting at her and the other passengers through the front windshield of Jose's vehicle.

24. There was no announcement before the unknown males violently attacked with said combat weapons that they were police officers, Federal agents or otherwise. There was no controlled firing sequence by the unknown males who were active shooters in an emotional uncontrolled frenzy with the motive and mindset to kill rather than execute a reasonable takedown plan to execute the arrest Suspect Jose.

25. During the use of the vehicles and blaze of deadly force in the frenzied shooting attack executed by the unknown males Defendant Mortensen, who was later identified, shot the first round from his 40 caliber Sig Sauer semiautomatic pistol at Child Theresa

who he knew or should have known was a minor Child, driving Suspect Jose's vehicle. His rabid shooting with his pistol struck the minor female Child repeatedly three (3) times in the head and eye and, four (4) times in the neck and shoulder killing her. Later, Defendant Mortensen arrogantly bragged in an interview that he intentionally aimed at the Child driving Suspect Jose's vehicle "with his Sig Sauer 40 caliber semiautomatic pistol and emptied at least three magazines before ceasing fire" or about 60 rounds of high-powered deadly ammunition at the Child, killing her at point blank range and the BOBs expressed laughter afterwards about the killing of the Child during their LEOS surveillance activities.

26. After shooting Child Theresa who was bullet riddled and slumped over in the driver-side seat of Suspect Jose's vehicle none of the unknown males attempted to render any first aid, CPR or took any other actions to try to save the Child's life. An ambulance arrived at the scene due to a neighbor in the area called and upon rival was instructed to take one of the unknown males with a nonlife-threatening flesh wound to a non-vital area of his body instead of the mortally wounded, bleeding and dying Child.

27. On information and belief, said Defendants later claimed they were a Homeland Security Immigration "Special Weapons And Tactics" ("SWAT") unit.

28. The Defendants individually and jointly fabricated their reports of the shooting falsely asserting that Suspect Jose allegedly shot first with a modified AK 47 he allegedly had in the vehicle. Various independent Acoustic Ballistic experts irrefutably proved the Defendants assertions were totally fraudulent and fabrications to try to cover-up that they unnecessarily and violently used their F150 trucks as deadly weapons by ramming their

heavy trucks into Suspects Jose's vehicle and immediately initiated a blaze of unprovoked gunfire with combat caliber weapons with the intent kill the minor Child Theresa. Their individual and collective intent was executed and achieved.

29. Plaintiffs Ronald Bernal and Tina Juan the parents of Decedent Child Theresa upon learning their minor child and Daughter was killed in the manner the Defendants terminated her life were shocked and emotionally crushed and devastated in their Spirit and Soul. There are no human words that they can express what they actually feel in their heart, Spirit and Soul of the loss of their Child which is continuous and ongoing. Their Daughter was and is eternally loved and cherished by them.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983
## (Illegal Use of Excessive Force)

30. Plaintiffs incorporate paragraphs 1 – 29 herein by this reference.

31. Plaintiffs has a right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable excessive force including while being arrested. Plaintiffs alleged Defendants claim Plaintiff Child Theresa was being arrested for her mere association with Suspect Jose.

32. Defendants are believed to be acting as individuals under color of some unknown federal law while intentionally violating the law, Oaths and, Plaintiffs Constitutional rights in the manner of their stopping the vehicle the minor Child was driving, initiating arrest, needless killing of the Child and failure to render aid as alleged herein.

33. At all times relevant herein, Plaintiff alleges, the Defendants were state or/and federal actors and their wrongful acts and conduct as alleged herein violated 42 U.S.C.

§§1983 and constituted violations of his Fourth and Fourteenth amendments rights under the Constitution of the United States, federal law and their Oaths which prohibits the use of excessive force during an arrest by the Defendants as setforth herein. The excessive force used by Defendants to violate the Decedent Child's federal rights under 42 USC 1983 and the Fourth and Fourteenth Amendment to the US Constitution, included but not limited to, using their unmarked vehicles to violently crash and ram the vehicle the Child was driving; intentionally initiating, aiming and repeatedly shooting the Child with t high-powered combat weapons and ammunition with pistols and rifles at point blank range; violently attacking without provocation repeatedly shooting the Child in the head, eye, neck and shoulder mortally wounding and eventually killing her; causing numerous fractures, laceration, bruises, contusions to her face, eyes, and lips while she was a helpless target with no way to defend herself or stop the Defendants deadly attack on her; failing and refusing to promptly call paramedics to treat or try to restore the life of the Child; and refusal to allow paramedics to transport the mortally wounded Child to the Hospital to try to restore her life.

34. Defendants deprived Plaintiff Child of his rights under 42 USC 1983 and in violation of her Constitutional rights under the Fourth and Fourteenth Amendments by using excessive force while acting under color federal law in the enforcement of federal warrant during their arrest of Suspect Jose which resulted in the killing of Child Theresa who was not in violation of any law that was unreasonable which resulted in injuries, damages and death of her as stated herein.

35. Defendants individually and jointly planned, watched, assisted and attempted to cover-up with lies and fabrications their intentional violations and deprivation of Plaintiff Theresa's rights under 42 USC 1983 and the Fourth and Fourteenth Amendment of the United States Constitution and aided those violations by not stopping the excessive force each imposed on her as federal agents or actors which is a custom and policy of their department, agency or division as setforth herein violating 34 USC 12601 and 28 CFR 20.15, Oaths and other federal.

## COUNT TWO
## VIOLATION OF 42 U.S.C. § 1983, 34 USC 12601 AND THE FOURTH AND FOURTEENTH AMENDMENT TO THE US CONSTITUTION
**(Deliberate Indifference to Illegal Use of Excessive Force)**

36. Plaintiff incorporate paragraphs 1- 35 herein by this reference.

37. Defendants federal department of home Land Security, Immigration have a custom and policy in its Department/agency that promotes the violation of federal protections under 42 USC 1983, 34 USC 12601 and/or the Fourth and Fourteenth Amendments to the United States Constitution which prohibits officers or agents from using excessive force on a person in conducting an arrest and against the killing of innocent children. As setforth herein Defendants used excessive force which deprived the Child of her federal rights under 42 USC 1983 and 34 USC 12601 and the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants departments/agency have a custom and policy of ignoring with a deliberate indifference its officers, such as said individual Defendants and DOES use of

excessive force as alleged herein and the violation of said federal and Constitutional rights during making arrest which resulted in the deprivation and violation of Plaintiff Child rights and life as setforth herein.

39. As a direct and proximate cause of Defendants' individual acts and conduct as setforth herein under color of law, Plaintiffs suffered a deprivation of Constitutional rights and sustained injuries and damages in an amount according to proof at trial.

## COUNT THREE
## (LOSS OF CONSORTIUM)

40. Plaintiff incorporates paragraphs 1- 39 by this reference herein.

41. Plaintiff Parents allege that their Daughter/Child Theresa was not killed instantly but that she was still alive despite being mortally wounded as the high-powered ammunition was being violently forced into the most vulnerable areas of her soft female body as stated herein. She felt every entry of the ammunition explosively striking, tearing, burning and entering her. She suffered extreme, terrifying, and excruciatingly unbearable physical, emotional, mental pain and suffering and deathly fear as and before she died.

42. The acts and conduct of Defendants as setforth herein were despicable, intentional and done with a deliberate indifference to Plaintiff's federal statutory (42 USC 1983 and 34 USC 12601) and rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff Child and her Estate is entitled to an award of punitive damages against the individually named Defendants and the unknown DOES in an amount that will punish and make an example of them/it and deter such conduct in the future. Plaintiff leaves to amend said when ascertained.

43. Plaintiff Parents have loss the emotional and physical affection, presence, love, help, assistance, and support of their Daughter, Child Theresa, and loss of future grandchildren including but not limited thereto.

## ON ALL CAUSES OF ACTION

44. Plaintiff is entitled to an award of all compensatory, special (including funeral and other related expenses and costs) and consequential damages in an amount which is continuous and ongoing in an amount according to proof at time of trial.

45. Plaintiff is entitled to an award of attorney's fees and cost pursuant to 42 U.S.C. § 1988(b) ["Civil Rights Attorney's Fees Award Act of 1976", codified in 42 U.S.C. § 1988(b)], applicable to 42 USC 1983 and 34 USC 12601 as alleged herein.

46. Plaintiff will incur attorney fees and cost which is continuous and ongoing in an amount according to proof at time of trial.

47. Plaintiff has incurred and will continue to incur medical expenses and costs in the future in an amount according to proof at time of trial.

48. Plaintiff is entitled to all prejudgment and post-judgment interest at the maximum legal rate by law on any judgement of sums in his favor, according to proof at time of trial.

49. Plaintiffs are entitled to all cost and expenses of litigation and expert fees in an amount according to proof at time of trial.

## **DEMAND FOR JURY TRIAL**

50. Plaintiffs hereby demand a jury trial on all counts, FRCP Rules 39 and 39.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs prays for judgment against Defendants individually jointly, and severally as follows:

A. For all compensatory, actual and consequential damages against Defendant in an amount according to proof at time of trial;

B. For all special damages against each and all Defendants in an amount of not less than the jurisdictional amount of the Court ($75,000.00) but according to proof at trial;

C. For all pre and post-judgment interest on all damages at the maximum allowable rate in law;

D. For punitive damages against Defendants in the amount to be determined by a jury;

F. For Plaintiffs' Court costs, expert fees and all other costs, incurred herein in an amount according to proof at time of trial;

G. For all interest on all amounts awarded to Plaintiffs at the maximum allowable legal rate in Federal and state law, including but not limited to, ARS § 12-823;

H. For all Attorney's fees and costs pursuant to 42 U.S.C. 1983, 1988 (b) and the Civil Rights Attorney's Fees Award Act of 1976, codified in 42 U.S.C §1988(b) and Equal Access to Justice Act 28 USC 2412;

I. For any such other and further relief as the Court may deem just, fair and proper.

DATED this 9th day of April 2021.

By: *Tina Juan*
Tina Juan and on behalf of her Husband and the Estate